IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HENRY MARSHALL BAILEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) 1:05CV00561 |
| DONALD G. WOOD, Administrator, Scotland Correctional Inst., | ) ) ) ) |
| Respondent. | ) |

## ORDER AND JUDGMENT

BEATY, Chief Judge.

I. INTRODUCTION

This matter is currently before the Court on Respondent Don Wood's ("Respondent") Motion for Summary Judgment [Document #5] and on Petitioner Henry Marshall Bailey's ("Petitioner") Petition for Writ of Habeas Corpus [Document #2]. On August 18, 2006, the United States Magistrate Judge's Order and Recommendation [Document #12] was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b) (2006). Petitioner filed timely Objections [Document #14]. The Court has now reviewed the Objections and the portions of the Recommendation to which objection was made, and has made a *de novo* determination that reaches the same result as the United States Magistrate Judge's ruling. Thus, for the reasons discussed below, the Court will adopt the Magistrate Judge's Recommendation that Petitioner's Petition for Writ of Habeas Corpus be denied.

## II. FACTUAL BACKGROUND

Petitioner's Petition for Writ of Habeas Corpus arises out of his conviction under North Carolina's habitual felon law, N.C. Gen. Stat. § 14-7.1 *et seq.* (2006), which provides that "any person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon."[1] On September 22, 1998, Petitioner pled guilty to four felony charges, and the prosecution consolidated the four felonies to which Petitioner had pled guilty into one habitual felon judgment and continued prayer for judgment on that charge until Petitioner could file a motion for appropriate relief. Petitioner then filed his state court motion for appropriate relief, in which he sought to invalidate one of his predicate guilty pleas on grounds that the transcript of the plea was missing from that case's file, that the plea was not made knowingly and voluntarily, and that he was rendered ineffective assistance of counsel when he entered the plea. The trial court heard and denied these arguments. Petitioner subsequently re-asserted these arguments in a pre-trial motion to quash his habitual felon indictment. The motion was again denied and the case proceeded to trial.

After the close of the evidence at trial, the jury deliberated briefly before returning with questions regarding the prosecution's documentary proof of Petitioner's prior guilty pleas. The trial judge instructed the jury that "court documents [admitted to prove Petitioner's guilty pleas]

---

[1] The effect of having the status of an habitual felon is, in part, that "when an habitual felon . . . commits any felony . . . the felon must, upon conviction or plea of guilty under indictment . . . be sentenced as a Class C felon." N.C. Gen. Stat. § 14-7.6 (2006).

2

are valid and presumed valid unless otherwise shown . . . [t]hat is, a court document is a legal document and it speaks for itself." State v. Bailey, No. COA03-74, 2004 WL 26546, at *2 (N.C. Ct. App. Jan. 6, 2004) (table). The trial judge also explained that "the only way [a court document] can be challenged is by appeal and by a higher court setting it aside or some trial court granting some motion setting that document aside." Id.

On appeal to the North Carolina Court of Appeals, Petitioner asserted that this instruction improperly imposed on him the burden of proof with respect to an essential element of the offense. More specifically, Petitioner argued that because predicate convictions are an element of a habitual felon charge, the burden of proving that those predicate convictions were not valid cannot be placed on him. Id. However, the Court of Appeals rejected this assertion and held that the trial judge's jury instruction was permissible because, under Parke v. Raley, 506 U.S. 20, 29-30, 113 S. Ct. 517, 523-24, 121 L. Ed. 2d 391 (1992), "imposition of such a 'presumption of regularity' for final judgments in a recidivist criminal trial does not impermissibly shift the burden of proof to the defendant or run afoul of the Due Process Clause, absent a compelling circumstance." Id. The Court of Appeals also held that Petitioner was not entitled to collaterally attack his guilty plea's validity at trial because under North Carolina law such attacks are only permitted on direct appeal and are not issues for the jury. Id. at 3.

Petitioner's petition for discretionary review before the North Carolina Supreme Court was denied in State v. Bailey, 358 N.C. 156, 592 S.E.2d 697 (2004). Petitioner thereafter filed the present Petition for Writ of Habeas Corpus in which he presents three arguments. Petitioner's

3

Case 1:05-cv-00561-JAB-RAE   Document 15   Filed 01/04/07   Page 3 of 16

primary contention is that the trial judge's jury instructions constituted an improper imposition of the burden of proof on an essential element of the crime. Second, in conjunction with this argument, Petitioner also notes that "defendants cannot be prohibited from challenging all the elements of a charge in the current trial."[2] (Pet'r's Petition for Writ of Habeas Corpus, Document #2, p.7.) Third, Petitioner cites Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny for the proposition that anything that raises the possible punishment above the level allowed by the verdict or plea alone is an element of a crime.

In response to these arguments, Respondent filed a Motion for Summary Judgment [Document #5] and a Supporting Brief [Document #6] which assert that Parke v. Raley allowed the trial judge to impose a burden of proof on an element of the charge on Petitioner, and that Petitioner's Apprendi argument with respect to the manner in which he could challenge his prior guilty plea is substantively incorrect as well as procedurally barred by Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), and 28 U.S.C. § 2254(b)(1)(A)'s exhaustion requirement. However, Petitioner's Response to Respondent's Motion for Summary Judgment [Document #10] and Brief in Support [Document #11] contends that Parke is inapplicable here because it involved a motion to suppress instead of a jury instruction. The Court will address

---

[2] The Court notes that Petitioner provides no case authority in support or further explanation of this argument. Moreover, it was not addressed in Respondent's Motion for Summary Judgment or the Magistrate Judge's Order and Recommendation; and Petitioner did not object or respond to this omission in either his Response to Respondent's Motion for Summary Judgment or his Objections to the Magistrate Judge's Order and Recommendation.

4

Petitioner's three contentions in turn.

## III. STANDARDS OF REVIEW

### A. SUMMARY JUDGMENT

In considering Respondent's Motion for Summary Judgment, the Court will grant relief when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is considered "material" if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Under this standard, a genuine issue of material fact exists "if the evidence is such that a reasonable [fact-finder] could return a [judgment] for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510. As a result, the Court will only enter summary judgment in favor of the moving party when " 'the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the [nonmoving] party cannot prevail under any circumstances.' " Campbell v. Hewitt, Coleman & Assocs., 21 F.3d 52, 55 (4th Cir. 1994) (quoting Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967)).

### B. HABEAS CORPUS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires federal courts reviewing habeas corpus petitions to view state court decisions with deference. Bell v. Cone, 543 U.S. 447, 455, 125 S. Ct. 847, 853, 160 L. Ed. 2d 881 (2005) (per curiam). This statute provides that habeas corpus petitions may be granted only if the state court "decision . . . was contrary

5

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2006). Clearly established Federal law is made up of the Supreme Court's holdings, as opposed to its dicta, at the time of the relevant state decision. Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). "A state decision is 'contrary to' clearly established Supreme Court precedent if it 'applies a rule that contradicts the governing law set forth' by the Supreme Court or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent.' " Campbell v. Polk, 447 F.3d 270, 275 (4th Cir. 2006) (quoting Williams, 529 U.S. at 405-06, 120 S. Ct. at 1519-20). However, the "contrary to" clause does not apply at all where the state court identifies and applies the correct legal rule. See Williams, 529 U.S. at 406, 120 S. Ct. at 1520 ("a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court precedent] . . . would not fit comfortably within [AEDPA's] 'contrary to' clause.") "Alternatively, a state court's adjudication involves an 'unreasonable application' of federal law if it 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the [particular] case.' " Campbell, 447 F.3d at 275 (quoting Williams, 529 U.S. at 413, 120 S. Ct. at 1523. Moreover, under the "unreasonable application" clause, the federal habeas court cannot issue the writ unless the result of the state decision is objectively unreasonable, not merely incorrect or erroneous. Id. (internal citations omitted).

6

## IV. DISCUSSION

As already noted, Petitioner contends that the trial judge's jury instructions (A) constituted an improper imposition of the burden of proof on an essential element of the crime, (B) impermissibly prevented him from introducing evidence of an element of the charge, and (C) violated the constitutional sentencing standards set out by Apprendi and its progeny. Having identified the applicable standards of review, and after reviewing the parties' briefs and the Magistrate Judge's Recommendation, the Court will consider each of these arguments in turn. The Court notes that there are no genuine issues as to any material facts in this case.[3] Thus, all that remains for a favorable judgment for Respondent is for the Court to resolve whether Respondent has affirmatively established that Petitioner's habeas claims cannot prevail under any circumstances based on the standard of habeas corpus review set out in AEDPA. See Hewitt, Coleman & Assocs., 21 F.3d at 52.

### A. BURDEN OF PROOF NOT IMPERMISSIBLY SHIFTED

With respect to Petitioner's first contention, that is, that the trial judge's jury instruction impermissibly shifted to Petitioner the burden of proving an essential element of the habitual felon charge, the Court, applying the AEDPA framework, initially finds that the North Carolina Court of Appeals' holding that the trial judge's jury instruction did not impermissibly

---

[3] Petitioner concedes as much in his Brief in Support of Response to Motion for Summary Judgment [Document #11], which states that "Respondent accurately set forth the statement of the case [in his Brief re Motion for Summary Judgment [Document #6]] and it is incorporated by reference."

7

shift the burden of proof to Petitioner may not be disturbed under § 2254(d)(1)'s "contrary to . . . clearly established Federal law" clause because that court identified Parke v. Railey as the correct legal rule in this case. See Williams, 529 U.S. at 406, 120 S. Ct. at 1520. In particular, the Court notes that Parke, like this case, involved a petition for writ of habeas corpus asserting the invalidity of a guilty plea under a statute imposing harsher punishments against defendants found to be repeat felony offenders.[4] At a pre-trial suppression hearing, the trial court in Parke rejected respondent's argument that one of his predicate guilty pleas was invalid because the record did not contain transcripts of the plea proceedings affirmatively showing that the guilty pleas were made knowingly and voluntarily. Parke, 506 U.S. at 24-25, 113 S. Ct. at 520-21. On appeal to the Supreme Court, the respondent placed in issue the Kentucky Supreme Court's application of its persistent felony offender statute, which imposed on defendants the burden to produce evidence of irregularity once the state proved the existence of the predicate felonies.[5] Parke, 506

---

[4] The law at issue in Parke was a Kentucky habitual felon statute, under which "a persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies." Ky. Rev. Stat. Ann. § 532.080(3) (Michie 1990). The effect of being found a "persistent felony offender" in Kentucky was that such defendants would be sentenced under harsher standards. See Ky. Rev. Stat. Ann. § 532.080(5). As explained above, the North Carolina statute at issue in this case, N.C. Gen. Stat. § 14-7.1 *et seq.*, also imposes harsher punishments for defendants found to be repeat felony offenders.

[5] In Dunn v. Commonwealth, the Kentucky Supreme Court held that when a defendant challenges a previous conviction through a suppression motion, a presumption of regularity attaches once the Commonwealth has proven the existence of the prior judgment, and the burden then shifts to the defendant to prove the existence of some irregularity. 703 S.W.2d 874, 876 (Ky. 1985). Only if the defendant meets this burden is the Commonwealth required to show that the prior judgment did not violate the defendant's rights. Id.

U.S. at 22-23, 113 S. Ct. at 519. The respondent argued that this scheme violated the Due Process Clause and was inconsistent with Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), which held that trial judge's must create a record showing that guilty pleas are made knowingly and voluntarily. Id.

However, the Supreme Court rejected this argument, and held that Boykin's presumption of invalidity with respect to plea taking is inapplicable in the context of proceedings that punish repeat felony offenders, which involve final judgments that have a "deeply rooted" presumption of regularity. Parke, 506 U.S. at 29, 113 S. Ct. at 523. In doing so, the Supreme Court held that "the Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction under Boykin." Parke, 506 U.S. at 34, 113 S. Ct. at 525-26.

This Court further finds that the holding in Parke is the correct legal rule in this case because it involves the same issue under factually indistinguishable circumstances. Like the respondent in Parke, Petitioner in this case asserted a Boykin challenge to one of the predicate felonies by arguing that the transcript of his plea was not contained in the court files for that case. Bailey, 2004 WL 26546, at *2. Moreover, just as the procedure at issue in Parke presumed the validity of prior convictions absent evidence produced by a defendant, the jury instruction used by the trial judge in this case stated that "all court documents are . . . presumed to be valid unless otherwise shown" by Petitioner. Id. Additionally, both Parke and this case deal with the question whether guilty pleas are entitled to a presumption of regularity. The Court finds that

9

in light of these similarities, the fact that the issue in Parke arose out of a different procedural posture - a pre-trial motion to suppress as opposed to a jury instruction - does not affect the Court's ultimate rejection of Petitioner's claim that his own final judgment was subject to an impermissible presumption of regularity. For these reasons, the Court finds that the North Carolina Court of Appeals properly identified Parke as the correct legal rule in this case, and as such, its decision may not be disturbed as "contrary to . . . clearly established Federal law."

Having determined that Parke is the correct legal rule, the Court further finds that the North Carolina Court of Appeals' application of Parke in this case does not involve an objectively unreasonable application of Federal law. See Williams, 529 U.S. at 413, 120 S. Ct. at 1523. At the outset, the Court notes that the hurdle of reasonableness over which the North Carolina Court of Appeals must pass is low. See Vick v. Williams, 233 F.3d 213, 220 (4th Cir. 2000) (noting "that a state court's decision may be objectively reasonable even where . . . a federal court deciding the issue . . . would come to a different conclusion.")

Bearing this standard in mind, the Court finds that the North Carolina Court of Appeals' application of Parke to justify the trial judge's jury instruction is objectively reasonable in light of the factual and policy-based similarities between that case and the present one. For example, as in Parke, Petitioner here was convicted of having the status of a repeat felon after being required to rebut the presumptive validity of the prosecution's documents proving the predicate convictions. The Court acknowledges that these convictions occurred in different procedural contexts insofar as the respondent in Parke did not have a jury trial, but rather he pled guilty

10

after the trial judge denied his motion to suppress a predicate guilty plea. Nevertheless, the Court finds that the North Carolina Court of Appeals' decision was objectively reasonable because it addresses Parke's same public policy concern for preserving final judgments. See Parke, 506 U.S. at 30, 113 S. Ct. at 523-24 (explaining that because "[t]here is no good reason to suspend the presumption of regularity [of final judgments, and] . . . a state court [is not prohibited] from presuming, at least initially, that a final judgment of conviction . . . was validly obtained."). Therefore, the Court concludes that Respondent is entitled to summary judgment with respect to Petitioner's claim that the trial judge's jury instruction impermissibly shifted the burden of proof.

B. NO CONSTITUTIONAL RIGHT TO COLLATERAL ATTACK

As it relates to Petitioner's argument that "defendants cannot be prohibited from challenging all the elements of a charge in the current trial." (Pet'r's Petition for Writ of Habeas Corpus, Document #2, p.7), the Court finds that Petitioner provides very little explanation as to the nature of this argument. Moreover, it is unclear whether Petitioner raised this argument at all in the North Carolina Court of Appeals. However, the Court will assume for the sake of argument that it is not procedurally barred, and read it to contend that the trial judge's instruction, that is, that "the only way [a court document] can be challenged is by appeal and by a higher court setting it aside or some trial court granting some motion setting that document aside," violated Petitioner's alleged constitutional right to collaterally attack his predicate guilty plea's validity at trial. Bailey, WL 26546, at *2.

11

In view of the Supreme Court's decision in Custis v. United States, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), the Court finds that Petitioner does not have any such constitutional right at trial. In Custis, after Custis was convicted of two federal crimes, the Government made a motion at the sentencing hearing under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) (2006), to enhance Custis' sentence based on three previous state convictions. Custis, 511 U.S. at 488, 114 S. Ct. at 1734. In response, Custis, like Petitioner here, attempted to collaterally attack these convictions by introducing evidence that one of the predicate guilty pleas was invalid because of ineffective assistance of counsel and because his plea was not made knowingly and voluntarily. Id. However, the district court in Custis determined that "it could not entertain Custis' challenges to his prior convictions at all [and that] the Constitution bars the use of a prior conviction for sentence enhancement only when there was a complete denial of counsel in the prior proceeding." Custis, 511 U.S. at 489, 114 S. Ct. at 1735.

The Supreme Court affirmed, holding that defendants do not have a constitutional right to collaterally attack prior convictions in federal sentencing proceedings absent claims of absolute denial of counsel. Id. In doing so, it distinguished absolute denial of counsel from other collateral attacks, such as ineffective assistance, because it is "a unique constitutional defect [that is jurisdictional in nature.]" Custis, 511 U.S. at 496, 114 S. Ct. at 1734. The Court then went on to cite administrative ease as another reason supporting its distinction:

> [F]ailure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order . . . [b]ut determination of claims of ineffective assistance of counsel,

12

and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records."

Id. Finally, the Court also justified its denial of Custis' claim by citing an "interest in promoting the finality of judgments." Custis, 511 U.S. at 497, 114 S. Ct. at 1739; see also United States v. Gutierrez-Cervantez, 132 F.3d 460 (9th Cir. 1997) (holding that Custis rule would also apply to bar pre-trial collateral attack on predicate offenses that constitute an element of the crime charged).

In light of Custis and Gutierrez-Cervantez, the Court finds that Petitioner in this case did not have a constitutional right to attack his predicate guilty plea's validity at trial. First, as in Custis and Gutierrez-Cervantez, Petitioner's collateral attack did not involve the unique concerns that arise when there is an absolute denial of counsel. Rather, Petitioner was represented by counsel during the challenged taking of his plea, and he now merely asserts that such representation was ineffective and resulted in an unknowing and involuntary plea. The courts in Custis and Gutierrez-Cervantez found these assertions insufficient to ground a constitutional right to collateral attack in pre-trial motions or at sentencing, and Petitioner provides this Court with no reason to hold otherwise in the trial context.

More importantly, the Court also notes that Petitioner has already been afforded the opportunity to attack his prior convictions. Indeed, after Petitioner pled guilty to the predicate offenses that gave rise to his habitual felon status, he had the opportunity to directly appeal those

13

guilty pleas in the North Carolina state courts, and then to challenge them here collaterally on a federal habeas petition. In addition, after Petitioner's underlying guilty pleas became final, he was in fact permitted to attack one of them prior to his state habitual felon trial in a motion for appropriate relief and in a pre-trial oral motion, both of which were considered and denied by the trial judge before proceeding with Petitioner's habitual felon trial. Were this Court to hold on habeas review that the trial judge should have also allowed Petitioner to collaterally attack his predicate guilty plea at trial, Petitioner would, in essence, be granted a new trial and given yet another opportunity to attack the guilty plea at issue. The Court finds that such a result would be wholly inconsistent with the policy concerns for ease of administration and finality of judgments expressed in Custis and Gutierrez-Cervantez. Therefore, for this reason and the reasons stated above, the Court finds that Petitioner did not have a constitutional right to challenge his predicate guilty plea's validity at trial.

### C. JURY INSTRUCTIONS DID NOT VIOLATE BLAKELY

Finally, Petitioner raises the argument that the trial judge's instruction in this case violated the holdings of Apprendi and its progeny, including Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The trial judge at Petitioner's trial instructed the jury that the only way a court document could be challenged is by appeal to a higher court or by some trial court granting a motion to set it aside. (Resp't's Mot. for Summ. J., Document #6, State Ct. Tr., p.51-52.) Presumably objecting to this instruction, Petitioner's Petition for Writ of Habeas Corpus cites Blakely without clearly framing the issue he is trying to raise. However,

14

Petitioner hints at his argument by stating that "it is clearly established federal constitutional law that . . . defendants cannot be prohibited from challenging all the elements of a charge in the current trial . . . and that anything that raises the possible punishment above the level allowed by the verdict or plea alone is an element of a crime." (Pet'r's Petition for Writ of Habeas Corpus, Document #2, p.7.)

Petitioner did not and could not advance any potential <u>Blakely</u> issue at the trial level or at the North Carolina Court of Appeals because <u>Blakely</u> was not announced until three days after the North Carolina Supreme Court denied Petitioner's petition for discretionary review. However, assuming for the sake of argument that Petitioner's claims are not procedurally barred, the Court finds that Petitioner's argument, that the instruction at issue violated <u>Blakely</u>, fails. In <u>Blakely</u>, the facts admitted in the petitioner's guilty plea supported a maximum sentence of 53 months, but the trial judge independently found that the petitioner acted with deliberate cruelty and thus departed from the standard range and imposed a 90-month sentence. <u>Blakely</u>, 542 U.S. at 298, 124 S. Ct. at 2534. Unlike <u>Blakely</u>, however, the trial court in this case imposed the presumptive sentence on Petitioner based on his prior record and offense level without finding any aggravating factors to justify a departure. (Resp't's Mot. for Summ. J., Document #6, State Ct. Tr., p.60.) Thus, because the present case did not involve a sentencing guideline departure, the Court finds that <u>Blakely</u> does not apply to the facts of Petitioner's case.

15

## V. CONCLUSION

In summary, the Court notes that it has appropriately considered the arguments in Petitioner's Petition for Writ of Habeas Corpus [Document #2], Respondent's Brief in Support of its Motion for Summary Judgment [Document #6] and Petitioner's Brief in Support of its Response to Respondent's Motion for Summary Judgment [Document #11]. Based upon this review, the Court finds that the North Carolina Court of Appeals did not act contrary to federal law or unreasonably apply federal law in holding that <u>Parke v. Railey</u> permitted the trial judge to instruct the jury that the prosecution's documents were entitled to a presumption of regularity. The Court further finds that Petitioner did not have a constitutional right to challenge his predicate guilty plea's validity at trial. Finally, for the reasons previously given, the Court finds that there was no <u>Blakely</u> violation in this case.

IT IS THEREFORE ORDERED AND ADJUDGED that Respondent's Motion for Summary Judgment [Document #5] is GRANTED and Petitioner's Petition for Writ of Habeas Corpus [Document #2] is thereby DENIED, and the Recommendation by the Magistrate Judge is hereby adopted by the Court.

This, the 4th day of January 2007.

James A. Beaty
United States District Judge